**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4818

VICTOR ELVOYD MCCAIN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-98-45)

Submitted: May 28, 1999

Decided: June 22, 1999

Before ERVIN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Malcolm McL. Doubles, Salem, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Sharon K. Burnham, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victor Elvoyd McCain appeals his conviction entered on his guilty plea to assault with a dangerous weapon with intent to do bodily harm in violation of 18 U.S.C. § 113(a)(3) (1994). McCain noted a timely appeal and his attorney filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed whether the district court erred by declining to allow McCain to withdraw his guilty plea and refusing to depart from the Sentencing Guidelines. The time for filing a supplemental brief has passed and McCain has not responded, despite being advised of his right to do so. Because we find counsel's assignments of error to be without merit, and can discern no other error in the record on appeal, we affirm McCain's conviction and sentence.

McCain's counsel contends that the district court erred in refusing to allow McCain to withdraw his guilty plea. We review the district court's denial of the motion to withdraw his plea for an abuse of discretion. <u>See United States v. Wilson</u>, 81 F.3d 1300, 1305 (4th Cir. 1996). In order to amount to an abuse of discretion, the district court must either fail or refuse to exercise its discretion or rely on an erroneous legal or factual premise in the exercise of its discretionary authority. <u>See James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993). In this case, there is no evidence of an abuse of discretion. The district court considered McCain's motion in light of the proper legal standards, <u>see United States v. Moore</u>, 931 F.2d 245, 248 (4th Cir. 1991), and did not rely on any erroneous factual assumptions. Accordingly, we find no cause to disturb the district court's reasoned order denying the motion.

McCain also contends that the presentence investigation report over represented his criminal history and the district court erred in declining to grant a downward departure from the Sentencing Guidelines range. <u>See</u> U.S.S.G. § 4A1.3(c), p.s. (1997). A district court's decision not to depart from the Sentencing Guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that it lacked the authority to depart. <u>See United States</u>

v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). There is no such error in this case.

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari. Consequently, counsel's motion to withdraw is denied. If counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3